**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN RAYMOND CALIXTE, | No. 09-74000 |
| Petitioner, | Agency No. A079-497-335 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 14, 2011
Seattle, Washington

Before: BEEZER and PAEZ, Circuit Judges, and COLLINS, District Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]   The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

Jean Raymond Calixte, a native and citizen of Haiti, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He also claims that the IJ erred by not considering whether he was eligible for a humanitarian grant of asylum. Where, as here, the BIA affirms an IJ's decision without opinion, the IJ's decision becomes the final agency action and is reviewed for substantial evidence. *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011).

The IJ denied Calixte's applications for asylum and withholding of removal because he concluded Calixte failed to show an objectively reasonable fear of persecution. The IJ properly denied Calixte's applications for asylum and withholding of removal because even if Calixte was able to establish an objectively reasonable fear of persecution, such a finding would be rebutted by changed country conditions. *Lal v. INS*, 255 F.3d 998, 1002 (9th Cir. 2001) (inner citations omitted). The IJ relied on information provided by the Department of State's country conditions report, which stated that the political party Calixte feared was no longer in power. Calixte admitted that he had not kept abreast of the political climate in Haiti since his departure, and did not attempt to discredit the country conditions report. The IJ found that the information provided in the report indicated conditions in Haiti had changed to an

2

extent that made Calixte's fear of persecution unreasonable. This determination was supported by substantial evidence in the record considering the continued safety of Calixte's siblings who remain in Haiti and the ongoing activity of the organization that Calixte participated in while he lived in Haiti.

The IJ also properly denied Calixte's application for CAT protection because Calixte failed to show that it is "more likely than not" that he will be tortured if removed to Haiti. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). Because Calixte's CAT claim is based upon the same testimony as his asylum claim—that his parents were disappeared by the police force, that he was politically active, and that he was threatened by the police force—and no other evidence has been presented that supports his claim, his CAT claim also fails.

Calixte's remaining claim, that the IJ erred in not considering whether he was eligible for a humanitarian grant of asylum, fails because Calixte failed to present this claim to the IJ or the BIA. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) (noting that a petitioner's failure to raise an argument before the BIA bars this court from considering it on appeal).

**PETITION DENIED.**

3